### In re PARIS MODES CO., Bankrupt.

### In re GAINES.

(Circuit Court of Appeals, Second Circuit. April 8, 1912.)

#### No. 178.

BANKRUPTCY (§ 353*)—DIVIDENDS—APPORTIONMENT.

Claimant, as bankrupt company's treasurer, falsely, but without fraudulent intent, stated in a report to a mercantile agency that the company owed nothing excepting current bills. On this report a printing company extended further credit and holds an allowed claim for $25,000. Claimant's claim was allowed at $325,000, $199,000 of which was due when the mercantile report was furnished. A 3½ per cent. dividend having been declared. there remains $12,250 for apportionment between claimant and the printing company. *Held*, that the fund should be distributed by postponing to the printing company payment of dividends on $199,000 of claimant's claim, and by dividing the fund in the proportion that the balance of claimant's claim bears to the printing company's claim; that company not being entitled to claimant's dividend on the $199,000 as damages for tort, action for which must be tried outside the bankruptcy court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 541–544; Dec. Dig. § 353.*]

Petition to Revise and Appeal from the District Court of the United States for the Southern District of New York.

In the Matter of the Paris Modes Company, bankrupt. On appeal from, and on petition to revise, an order of the District Court, brought by Thomas J. Gaines, Jr. Reversed and remanded.

This cause comes here upon appeal from and on petition to revise an order of the District Court, Southern District of New York. sitting in bankruptcy. The controversy is between the appellant Gaines, a creditor of the bankrupt, and another creditor, the Wynkoop, Hallenbeck, Crawford Company, hereinafter called the Wynkoop Company. The estate of the bankrupt has been wound up and final dividend to creditors about 3½ per cent. has been declared. The order sought to be reviewed and which is dated August 3, 1911, directed that the dividend on $199,000 of Gaines' claim be paid to the Wynkoop Company.

The bankrupt carried on business as a manufacturer of patterns for women's clothing, and in connection therewith published a magazine. The

Wynkoop Company printed the magazine, and its claim against the bankrupt's estate ($24,120.80) is for balance due for work done in printing such magazine. Gaines owned a half interest in the bankrupt company. He himself, his mother, and his uncle had advanced large sums of money on notes of the Modes Company to keep the concern in business. The mother and uncle had assigned their claims to him, and the amount of $325,500 was found by the referee, without dispute, to be the amount due to him from the bankrupt's estate.

The Wynkoop Company was, as has been stated, the printer of the Paris Modes magazine. For some time the work was done for cash or on "thirty day account"; the bankrupt being supplied with money through the advances of Gaines and his relatives. In the spring of 1909, the bankrupt asked the printing company for 90 days additional credit. The latter thereupon applied to Dun's Mercantile Agency for a report of financial condition and was informed that the treasurer of the Modes Company (Gaines) had stated in September, 1908, that it owed nothing but short time current bills. Upon the strength of this report, the printing company extended the credit. At that time $199,000 was due for the advances referred to above. The referee took testimony, and, without going into details of his report, it is sufficient to say that he found that, without any fraudulent intent, Gaines made to the representative of the Mercantile Agency the statement as to indebtedness above set forth. Thereupon, on June 22, 1911, it was ordered that the order of the referee allowing the claim of Gaines at $325,500 be modified to the extent that so much of this allowance as represented indebtedness of the bankrupt which existed on September 30, 1908, shall be postponed to the claim of the Wynkoop Company. That order was not appealed from.

John J. Crawford, for appellant.
L. J. Wolff, for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). There is no occasion to go back of the order of June 22, 1911, or to inquire into its propriety. No appeal was taken or petition to review filed, and appellant here concedes that it lays down the rule for distribution in this case, and announces that he has no criticism to make as to the propriety of that rule. That is to say, although in his opinion the facts did not warrant the adoption of such a rule, he is willing to accept it and let the case be disposed of in conformity to its terms.

It provides that the claim of Gaines allowed at $325,000 be modified to the extent that so much of it as represented indebtedness which existed September 3, 1908, $199,000 be postponed to the claim of the Wynkoop Company. This is a very simple proposition. There is to be no dividend paid to Gaines on account of the $199,000 until dividends shall have been paid to the Wynkoop Company sufficient to pay their claim in full. In other words, so far as these two interests are concerned, the situation is the same as if no claim for the $199,000 had ever been proved.

Of course, this order did not affect the Gaines' claim, even as to the $199,000, except so far as the Wynkoop Company was concerned. The whole claim $325,000 was a proper one against the estate duly allowed and must figure as such in determining the amount of dividend payable generally. This we understand was done, and upon that basis a dividend of 3½ per cent. was declared generally. Upon the payment of 3½ per cent. on their several claims to all the creditors other than Gaines and the Wynkoop Company there remained

in the trustees' hands about $12,250. We get at these figures in this way: Three and a half per cent. on Gaines' whole claim ($325,000) is $11,375. The same per cent. on the Wynkoop Company's claim ($25,000 in round numbers) is $875. The total amount undistributed is, therefore, about $12,250.

This sum should be distributed between Gaines and the Wynkoop Company on the special adjustment prescribed for them; that is to say, with all the claims of Gaines for dividends on $199,000 postponed to Wynkoop Company; that is, substantially eliminated—treated as if they were nonexistent. This will leave these two to divide the residue proportionately to their real claims: Gaines $126,000, Wynkoop Company, $25,000.

It is easier to do the figuring in round numbers, assuming:

| | |
|---|---|
| Gaines | $125,000 |
| Wynkoop Co. | 25,000 |
| | $150,000 |

Of these claims Gaines holds five-sixths and the Wynkoop Company one-sixth. The residue should be divided in the same proportion:

| | |
|---|---|
| 5/6 to Gaines | $10,208 33 |
| 1/6 Wynkoop Co. | 2,041 67 |
| | $12,250 10 |

The difficulty with the plan followed by the District Court is, first, that it does not accord with the order of June 22; and second, it takes money awarded to Gaines as a dividend on his claim of $199,000, and turns it over to the Wynkoop Company, as damages for a tort, which we think the bankruptcy court has not jurisdiction to do. The company can take that cause of action to a state court and try it there. This we understand it has done.

The order is reversed and cause remanded, with instructions to distribute the balance of dividends $12,250 or whatever it may be in accordance with the views expressed in this opinion.