## In re SALEM CO-OPERATIVE WINDOW GLASS CO.

### No. 1264.

District Court, D. Wyoming.

Jan. 9, 1930.

L. S. Strahan of Lovell, Wyo., and M. A. Kline, of Cheyenne, Wyo., for objecting creditors.

L. A. Bowman, of Lovell, Wyo., and Thomas Hunter, of Cheyenne, Wyo., for respondents.

KENNEDY, District Judge.

The above-entitled proceeding is before the court upon a petition for review of an order entered by the referee. The situation involved is an objection by certain creditors to a portion of the claim filed by other creditors.

The bankrupt company was engaged in operating a glass manufacturing plant at Lovell in this state. It was co-operative in character, in that each stockholder held an equal amount of capital stock which had been divided into units. The stockholders were likewise the technical operatives of the manufacturing process. The first season of operation in 1925 proved unremunerative, in that the product of the plant could not be sold at a profit. Some of the operating stockholders during the operating seasons lived in houses owned by the company and received light and fuel from it, the expense of which was charged to the individual upon the books of the company in the same manner as his services were credited. The skilled workmen were paid according to the class of service rendered, some receiving wages higher than others, while the common labor was ordinarily performed by those who were not members of the association and whose services were paid by the company in cash.

When the situation developed that the product of the first run had not been disposed of, some of the officials of the company were authorized to go out and dispose of this product and secure cash for the same, even at a loss over the cost of production. Before this was done, a meeting of the stockholders was held at which it was, in substance, decided that the company, which was financially embarrassed and not able to conveniently transact business with the public in the situation in which it was then found to be, should deduct upon the books $300 of the amount shown to be earned as wages by each of the shareholders in order to make a better showing for the company to transact its business with the public. This was accordingly done. The product was then sold at the best price that could be obtained, and this money was used quite generally in preparing for another season's run. This also proved to be unprofitable. Officers of the company were changed from time to time. Dissensions apparently arose among the stockholders. Many of them continued to work and were charged with various items upon the books of the company and were credited as before with the services performed. The company in course of time found itself in the courts by way of receivership proceedings and eventually in the bankrupt court through a voluntary petition filed by the officers of the organization, this being after, however, as I read the testimony, the plant had been destroyed by fire as a result of which from insurance carried the company received a substantial sum with which to liquidate the most of its outside indebtedness.

The controversy here is one between two sets of the stockholders who appear before the court in the capacity of creditors of the concern, and the question directly presented is as to how the $300 which was charged upon the books of the company against the wage-earners is to be considered in its legal aspect. As I view it, the stockholders who are creditors holding the more substantial amount of debt as represented by their claims against the company have filed said claims without the inclusion of the $300 which was charged against them, and those stockholders appearing as creditors who have a less amount coming to them have included the $300 in their claims, which the first set now object to upon the basis that the $300 cannot be legally included in such claims.

Evidence has been taken tending to throw light upon what kind of a transaction the $300 charged upon the books of the company actually was. The minutes of the company were apparently kept in the French language, as the stockholders all spoke that tongue. It was necessary to employ an interpreter to outline these minutes. The minutes are interpreted to read in regard to the $300 transaction, as follows: "The assembly also gave an order as representatives of the plant to sell as soon as possible the glass, and if there should be a diminution or a loss

on the sale of the glass that the stockholders would suffer on their salary." Counsel seem to be in hopeless conflict as to whether this deduction of $300 upon the books for the purpose above indicated was in legal effect an assessment on stock or a loan by the stockholders to the company. The language quoted is capable of about any construction. Evidence was taken of subsequent meetings of the stockholders as to how the $300 should be handled in the way of claims against the company. Likewise testimony of the stockholders themselves was taken in this proceeding, attempting to show what was meant when they voted to have $300 charged upon the books of the company against their individual accounts.

As it appears to me, the situation presented has been attacked from a purely technical standpoint from both sides. As I view it, when this method was devised by the stockholders for the purpose of bolstering up the financial status of the company for the purpose of permitting it to carry on its transactions with the public, that as to the public and all general creditors outside the class of the stockholders themselves, it was a binding transaction which ought in no sense to affect bona fide innocent creditors of the concern and place them under the penalty of making them participate with the stockholders in their claim for $300 each. Therefore I arrive at the conclusion that the general creditors of the concern must in any event be paid in full.

With this element eliminated, the remaining creditors, as I understand the situation, are all in the same class, to wit, each having money due them as represented by services performed and credited upon the books of the company, less legitimate charges made to them for value actually received. All apparently agree that these claims should be allowed for at least whatever the balance is shown by the books to be due each claimant. This further elimination brings the matter directly to the classification of the $300 item in each man's account, whether he be a claimant for, or an objecting

claimant against, its allowance. As between themselves certainly the matter of the technical classification of this portion of the claim ought not in equity to be troublesome of solution. It is not in dispute that the $300 when charged upon the books of the company represented services actually performed by all against whom the charge was made. Therefore, as between themselves, there could be no justice or equity in my opinion in allowing one class of creditors to have a claim for the $300 and another class not to have it, because to all it originally represented the same thing, to wit, services performed for the company. I am of the opinion that, inasmuch as general creditors and innocent parties are not concerned, the only fair and just manner of adjudicating their rights is to allow all the stockholders, who are claimants having filed within the statutory time, to have their claims allowed for the amount shown to be due them on the books, plus the $300, as in this way all will be treated equitably.

The fact that some may have greater amounts as shown to be due from the books than others is not an element which in justice should enter into the controversy at all. If some should have greater amounts coming than others, it is perhaps because they have not drawn from the company consideration which the company in its ordinary course of business was giving from time to time. But this must be charged up to misfortune and considered in the same light as the depositors of a failing bank, some of whom draw out their deposits and receive the money, while others do not and lose it.

The order of the referee will be modified, and an order entered to the effect that all general creditors who are not stockholders be allowed their claims in full, that the claims of such stockholders as have filed their claims within the time allowed by law with the $300 included be allowed, and that those creditors who have filed without the inclusion of the $300 be permitted to amend their claims, if they so desire, to include the same; reserving proper exceptions to the parties.