BIRD & SONS SALES CORPORATION v. TOBIN (two cases).

Nos. 10301, 10312.

Circuit Court of Appeals, Eighth Circuit.

July 1, 1935.

Harold J. Abrams, of St. Louis, Mo., for appellant.

Harry S. Gleick, of St. Louis, Mo., for appellee.

· Before STONE, WOODROUGH, and BOOTH, Circuit Judges.

WOODROUGH, Circuit Judge (after stating the facts as above).

The position of the appellant is that the bankruptcy court had no jurisdiction to hold the appellant to the contract by which it agreed to subordinate its indebtedness against Barney Grosberg, Inc., to the prior payment of indebtedness of the company to parties extending additional credit to the company in reliance on the agreement. It contends that the order now presented for review is violative. of section 65a of the Bankruptcy Act, 11 USCA § 105 (a), which provides: "Dividends of an equal percentum shall be declared and paid on all allowed claims, except such as have priority or are secured." Its theory is that the Bankruptcy Act compels equality in the distribution of dividends to general creditors and that section 65a defines and restricts the power of the court. In other words, that when the claim of general creditors has been allowed section 65a establishes an inexorable rule for the distribution of the fund and the court is without power to recognize rights, however just and equitable, which some members of the class may be shown to have against others.

Appellant's contentions are elaborated in able briefs and have compelled careful consideration, but we are not persuaded that the powers of the bankruptcy court can be so narrowly limited. The provisions of section 65a for the equal distribution of dividends, when interpreted in the light of the broad equity powers granted the bankruptcy court under sections 1 and 2 of the Bankruptcy Act, 11 USCA §§ 1, 11, do not preclude that court from considering such a contract as was executed by appellant in this case, nor from applying equitable principles to the situation presented. Local Loan Co. v. Hunt, 292 U. S. 234, 240, 54 S. Ct. 695, 78 L. Ed. 1230, 93 A. L. R. 195; Bardes v. Hawarden First Nat. Bank, 178 U. S. 524, 534, 20 S. Ct. 1000, 44 L. Ed. 1175. By its adjustment of the order of payment the bankruptcy court conformed the distribution of the estate to accord with the rights of the parties, as such rights were fixed by their own contract. The contract violated no public policy nor the spirit of the bankruptcy law, but was entered into by the appellant and relied upon by those who extended credit on the faith of it in the hope that Barney Grosberg, Inc., could be maintained as a going concern.

The contentions of the appellant do not present a question of first impression. The propriety of the order of the bankruptcy court herein is fully sustained by the precedents. Searles v. Mechanics' Loan & Trust Co. (C. C. A. 9) 249 F. 942; In re Geo. P. Schinzel & Son, Inc. (D. C. N. Y.) 16 F.(2d) 289; In re Handy-Andy Community Stores (D. C. La.) 2 F. Supp. 97; In re Bowman Hardware & Electric Co. (C. C. A. 7) 67 F.(2d) 792; In re Royce Dry Goods Co. (D. C. Mo.) 133 F. 100; E. E. Gray Corp. v. Meehan (C. C. A. 1) 54 F.(2d) 223; Litzke v. Gregory (C. C. A. 8) 1 F.(2d) 112; In re Paris Modes Co. (C. C. A. 2) 196 F. 357; In re Salem Co-Operative Window Glass Co. (D. C. Wyo.) 40 F.(2d) 298; see Remington on Bankruptcy, §§ 2218, 2219, and 2220.

Appellant claims that the doctrine of the above citations is contrary to the law in this circuit. The particular question here involved has not been frequently touched upon by this court, but such expressions as we have found are completely in accord with the general course of adjudication.

Consideration of In. re Hawks, 204 F. 309, 321 (D. C. Kan.) discloses that the question there was whether a claimant had been guilty of fraud, not towards the bankrupt, but towards other creditors "which would warrant the court to refuse the allowance of its claim, or postpone it until after the other creditors have been paid. * * *" The trial court found no fraud and the conclusion was affirmed on appeal to this court. Crowder v. Allen-West Commission Co., 213 F. 177. Judge Walter H. Sanborn, speaking for this court, said:

"A creditor must have been guilty of some moral turpitude or some breach of duty by which other creditors were deceived, to their damage, to constitute such a fraud as will estop him from sharing with them in the distribution of the proceeds of the estate of his debtor in bankruptcy. A willful intent to deceive or such gross negligence as is tantamount thereto is an essential element of such an estoppel. Henshaw v. Bissell, 18 Wall. 255, 271, 21 L. Ed. 835; New York Life Ins. Co. v. McMaster, 87. F. 63, 67, 30 C. C. A. 532, 536; Daniels v. Benedict, 97 F. 367, 380, 38 C. C. A. 592, 605; Farmers' & Merchants' Bank v. Farwell, 58 F. 633, 639, 7 C. C. A. 391, 397." Crowder v. Allen-West Commission Co., 213 F. 177, 184 (C. C. A. 8).

The opinions leave no doubt that if the alleged fraud had been found this court would have subordinated the claimant to the other creditors in making distribution of the estate.

The District Court for Nebraska granted a preference to the claim of one general creditor over that of another and the case came on appeal to this court. Moise v. Scheibel, 245 F. 546, 547. Although this court found that there was no evidence of facts which "would create an estoppel on the part of Moise from receiving his dividends on an equality with the Auto Top Company," it is fairly inferable from the opinion of this court that if such facts had been found the action of the trial court would have been sustained.

Appellant contends that the views expressed by this court in Barks v. Kleyne (C. C. A. 8) 15 F.(2d) 153, Burton Coal Co. v. Franklin Coal Co. (C. C. A. 8) 67 F.(2d) 796, and Southern Bell T. & T. Co. v. Caldwell (C. C. A. 8) 67 F.(2d) 802, are in conflict with an affirmance here, but we do not consider that the questions ruled upon in those cases were analogous to the question here presented.

Appellant has not called attention to any authoritative precedent directly sustaining its position here. The remarks of the referee in Re Goodman-Kinstler Cigar Co., 32 A. B. R. 624, have been noted as in conflict with our conclusion.

■ Two appeals have been taken from the order herein, one allowed by the District Court and one by this court. It is clear that the order complained of was made in a proceeding in bankruptcy and the appeal allowed by the District Court is dismissed.

Affirmed.