**In the Matter of ALDA COMMERCIAL CORPORATION, Bankrupt.**

**No. 68 B 711.**

United States District Court
S. D. New York.
March 25, 1969.

Milbank, Tweed, Hadley & McCloy, New York City, for The Chase Manhattan Bank N. A., petitioner; Samuel R. Ballin, New York City, of counsel.

Alex L. Rosen, New York City, for trustee.

Siegel, Sommers & Schwartz, Brooklyn, N. Y., for creditors; Leonard Schwartz, Brooklyn, N. Y., of counsel.

## MEMORANDUM

BONSAL, District Judge.

This appeal from an order made by Referee Babitt on December 18, 1968 raises the question as to whether subordinated creditors are to be denied their right to vote for the election of a trustee at the first creditors' meeting because they are deemed to have made an equitable assignment of their claims to the unsubordinated creditors.

On July 11, 1968, Alda Commercial Corporation (the bankrupt) executed a general assignment for the benefit of creditors, and on October 2, 1968 was adjudicated bankrupt following the filing of an involuntary petition in bankruptcy on August 16, 1968. The first creditors' meeting was held on November 26, 1968, pursuant to Section 55 of the Bankruptcy Act (the Act), 11 U.S.C. § 91, at which the assembled creditors sought to elect a trustee. One group of creditors, led by the petitioner Chase Manhattan Bank N.A. (Chase), voted for Horvath, and another group of creditors, consisting of subordinated noteholders, voted for Schwartz. After passing on the qualifications of the voters, the Referee determined that neither candidate had obtained "a majority vote in number and amount of claims of all creditors whose claims have been al-

lowed," (Section 56 of the Act, 11 U.S.C. § 92). Finding that each group had cast 10 votes in number, which was less than a majority, the Referee declared that no trustee had been elected, and proceeded to appoint Lipper as trustee, pursuant to Section 44a of the Act, 11 U.S.C. § 72a.

Chase made timely objection to the right of the subordinated creditors to vote, which objection was overruled by the Referee, who filed an opinion on February 13, 1969, stating that "disenfranchisement of any group of creditors [is] contrary to the spirit of the Bankruptcy Act which mandates the broadest participation by all creditors equally."

In contending that the subordinated creditors should not have been allowed to vote, Chase relies on In re Itemlab, Inc., 197 F.Supp. 194 (E.D.N.Y.1961), where Judge Bartels, in proceedings for an arrangement under Chapter XI of the Act (11 U.S.C. § 701 et seq.), ruled that since under the plan the senior creditor would receive only 25% of his claim and the subordinated creditor would receive nothing, the subordinated creditor was deemed to have made an equitable assignment to the senior creditor and was therefore not entitled to vote on the plan.

On the other hand, the Referee pointed to his prior decision in Matter of Elmcliff Corporation, 65 B 921 (1966), holding that subordinated creditors in a bankruptcy proceeding were entitled to vote for a trustee at the first creditors' meeting. The Referee distinguished *Itemlab* on the ground that, there, "the particular claimant was not entitled to collect any proceeds and, equitably, those permitted the vote should be those entitled to any payment in their claims", while in this bankruptcy proceeding the Act provides that all creditors, with two

exceptions not relevant here, are entitled to vote at the first creditors' meeting.

It is true that at the first creditors' meeting there was no way of determining whether or not the assets of the bankrupt, following administration, would be sufficient to provide dividends to all the creditors or only to those who had not subordinated their claims. Nevertheless, whether or not the assets would be sufficient, Chase contends that the subordinated creditors had in effect made an equitable assignment of their claims to Chase and the other unsubordinated creditors, so that, as a matter of policy, the unsubordinated creditors should have control over the subordinated claims, including the right to vote such claims in order to effectuate the purpose of the subordination agreement.

■ The Court does not agree. Section 44a of the Act, 11 U.S.C. § 72a,[1] gives all creditors the right to elect a trustee at the first meeting of creditors, regardless of whether their claims are subordinated as to eventual payment. The only exceptions are

"* * * the bankrupt's relatives or, where the bankrupt is a corporation, * * * its stockholders or members, its officers, and the members of its board of directors or trustees or of other similar controlling bodies * * *"

Indeed, the subordinated creditors are entitled to prove their claims on a parity with the other creditors, under Section 57 of the Act, 11 U.S.C. § 93. Everett, Subordinated Debt-Nature and Enforcement, 20 Bus.Law. 953, 962 (1965).

In re Ira Haupt & Co. (Klebanow v. Chase Manhattan Bank), 343 F.2d 726, 728, 730 (2d Cir. 1965), cert. denied, 382 U.S. 890, 86 S.Ct. 182, 15 L.Ed.2d 148 (1965) merely brings limited partners

---

1. Section 44 a provides:
"The creditors of a bankrupt, exclusive of the bankrupt's relatives or, where the bankrupt is a corporation, exclusive of its stockholders or members, its officers, and the members of its board of directors or trustees or of other similar controlling bodies, shall, at the first meeting of creditors after the adjudication, * * * appoint a trustee or three trustees of such estate. If the creditors do not appoint a trustee * * * the court shall make the appointment * * *."

within the exceptions of Section 44a for the reason that

"Limited partners are too likely to be closely affiliated with the interests of the former management to share in the choice of the trustee who is to represent the interests of the ordinary creditors.

"A New York limited partnership partakes sufficiently of the nature of a corporation so that limited partners may be considered stockholders or members within § 44, sub. a." (343 F. 2d at 730.)

There is no similar basis for denying the subordinated creditors their right to vote at the first creditors' meeting, see In re Latham Lithographic Corp., 107 F.2d 749 (2d Cir. 1939).

*Itemlab* is not authority for Chase's position. As Judge Bartels pointed out, it was the clear intent of the parties there that, upon the occurrence of insolvency and insufficiency of assets to pay the claim of the senior creditor, the subordinated creditor would make an immediate transfer of his claim to the senior creditor. The subordination clauses here evidence no such clear intent of the parties.[2]

■ While it is true that here by subordinating their notes the noteholders made an equitable assignment to the unsubordinated creditors of their right to participate in the assets to the extent that they are required to pay the claims of the unsubordinated creditors, In re Credit Industrial Corp., 366 F.2d 402, 22 A.L.R.3d 897 (2d Cir. 1966); In re Aktiebolaget Kreuger & Toll, 96 F.2d 768 (2d Cir. 1938), this does not affect the right of the noteholders to vote for a trustee at the first creditors' meeting.

2. The subordination clauses provide:
"The principal indebtedness evidenced by these notes shall at any time and in all respects be wholly subordinate and junior in right to any and all indebtedness of the Company, now or hereafter executed prior to the due date hereof, and all other creditors and classes of creditors of the Company shall be preferred in the payment of

Chase does not object to the qualifications of the trustee appointed by the Referee and, for the reasons above stated, the court finds no equitable assignment by the subordinated creditors of their right to vote for a trustee at the first creditors' meeting.

The order of the Referee is confirmed and the petition to review is denied.

It is so ordered.

their claims to the holders of said notes and no note shall be paid unless the Company retains sufficient assets to then pay all other classes of creditors in full, although interest payments hereon may be made in accordance with the terms hereof * * * "
It appears from the foregoing that the subordination was as to principal and not as to interest.