In the Matter of **HARRY SMITH MA-
CHINE COMPANY**, a California
corporation, Debtor,

Samuel A. Miller and Mason &
Wallace, Appellants.

No. 14631.

United States Court of Appeals
Ninth Circuit.

April 19, 1956.

Samuel A. Miller, Los Angeles, Cal.,
Mason & Wallace, Long Beach, Cal., for
appellants.

Craig, Weller & Laugharn, Los Angeles, Cal., for appellee.

Before HEALY and FEE, Circuit
Judges, and WALSH, District Judge.

WALSH, District Judge.

This appeal arises out of proceedings
initiated on March 10, 1954, by Harry
Smith Machine Company, a California
corporation, (hereinafter "the debtor"),
when it filed its original petition for relief under Chapter XI[1] of the Bankruptcy Act of 1938, as amended.[2]

On March 23, 1954, pursuant to petition of the debtor, the referee appointed
Samuel A. Miller and Mason & Wallace
(hereinafter "appellants"), attorneys for
the debtor in possession, the order providing that the appointment of appellants
was under a general retainer and that
they should be compensated for their
services out of the estate of the debtor.
A few days after their appointment,
appellants filed on behalf of the debtor
a petition for an arrangement under
Section 322[3] of the Act. According to
the plan set forth in this petition, all
debts which have priority under Section
64, sub. a(1), (2), and (4)[4] of the Act
would be paid in cash in full upon the
signing of an order confirming the plan
or, in the case of tax claims, in such installments as might be agreed upon between the debtor and the various taxing
agencies concerned. As to unsecured
debts, the plan proposed that the unsecured creditors accept as full payment
sixty per centum (60%) of the amounts
proved and allowed by the court, when
paid as follows: Five per centum (5%)
of the amount due the unsecured creditors, in cash, ninety (90) days after the
signing of the order confirming the plan
and a like five per centum (5%) each

---

1. Secs. 701–799, T.11 U.S.C.A.

2. Hereinafter sometimes referred to as
"the Act".

3. Sec. 722, T. 11 U.S.C.A.

4. Sec. 104, sub. a (1), (2), and (4), T. 11
U.S.C.A.

thirty (30) days after the first payment, until the unsecured creditors should have been paid a total of sixty per centum (60%) of their claims as proved and allowed.

On April 13, 1954, appellants filed for the debtor an amendment to the petition for arrangement which provided that unsecured creditors would be paid one-hundred per centum (100%), rather than sixty per centum (60%) of the amounts due them, the payment to be accomplished by the debtor's continuing to make the five per centum (5%) payments every thirty (30) days, as set out in the original petition, until all unsecured creditors were paid in full. On June 9, 1954, appellants procured an order of the referee confirming the arrangement proposed by the debtor in its petition and the amendment thereto. The formal order contained a recital, as a finding by the referee, that the tax claims entitled to priority had been paid and that such other deposit as is required by the provisions of Chapter XI had been made.

Following the entry of the order confirming the arrangement, appellants filed a petition for allowance to them of attorneys' fees in the sum of $3500.00. In the petition, appellants stated that they were agreeable to accepting the note of the debtor for the fees allowed, to be paid in twelve (12) equal monthly installments, with interest at six per-centum (6%), but they claimed that any allowance made, being one of the costs and expenses of administration, should be a lien on all of the assets of the debtor until paid. After notice to all interested persons, the referee held a hearing on the petition, at which no objection was entered by the debtor or any creditor, and thereafter he entered his order allowing appellants attorneys' fees in the amount and payable upon the terms prayed for, but providing that the allowance should rank equally with the debts owing to unsecured creditors and covered by the order confirming the arrangement entered on June 9, 1954. Appellants, contending that the referee erred in failing to provide that the allowance should constitute a lien on the assets of the debtor, petitioned for review of the referee's order in the District Court and, after hearing, the district judge approved the order of the referee. This appeal from the order of the district judge followed.

The orders of the referee and the district judge were correct. While it may be assumed that the provisions of Sections 64, sub. a(1) [5] and 302 [6] of the Act rendered any attorneys' fees allowed to appellants a "debt having priority", the means provided for insuring the actual prior payment of such debts are in Sections 337(2) [7] and 362 [8] of the Act. These statutes require, as a condition precedent to confirmation of an

---

**5.** Sec. 104, sub. a (1), T. 11 U.S.C.A., reading insofar as pertinent here:

"(a) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be (1) the actual and necessary costs and expenses of preserving the estate subsequent to filing the petition; * * * and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases and to the bankrupt in voluntary and involuntary cases, as the court may allow * * *."

**6.** Sec. 702, T. 11 U.S.C.A., reading insofar as pertinent here:

"The provisions of chapters 1 to 7, inclusive, of this title shall, insofar as they are not inconsistent with or in conflict with the provisions of this chapter, apply in proceedings under this chapter. For the purposes of such application, provisions relating to 'bankrupts' shall be deemed to relate also to 'debtors', and 'bankruptcy proceedings' or 'proceedings in bankruptcy' shall be deemed to include proceedings under this chapter."

**7.** Sec. 737(2), T. 11 U.S.C.A., reading insofar as pertinent here:

"At such meeting, or at any adjournment thereof, the judge or referee shall, after the acceptance of the arrangement— * * * (2) fix a time within which the debtor shall deposit, in such place as shall be designated by and subject to the order of the court, the consideration, if any, to be distributed to the creditors, the money necessary to pay all debts which have priority, unless such

arrangement, that the debtor deposit in such place as shall be designated by the court, the money necessary to pay all debts having priority.

But Section 362 makes specific provision for waiver of priority by creditors; and it is plain that the conduct of appellants here constituted such a waiver. Appellants caused the referee to find that any deposit required by Chapter XI had been made. They did so because such a finding was a condition precedent to the entry of any order confirming the arrangement which they sought for the benefit of their client, the debtor. Having chosen to waive the deposit and the priority in order to aid their client by obtaining confirmation of the desired plan with a minimum outlay of cash, they could not thereafter, in effect, reclaim the priority through the device of an alleged lien upon the debtor's assets. In re Frischknecht, 2 Cir., 1915, 223 F. 417, 420; In re Van Doren, 7 Cir., 1935, 79 F.2d 859.

Some of the language in In re Frischknecht, supra, is apt here:

> "If counsel choose to waive payment of their fees in order to make the sum so small that deposit can be made under a composition, so that the composition can be put through, this court is strongly opposed to their thereafter resuscitating their claims and insisting that they should be paid out of the estate. The bed they made for themselves they should lie in. If the bankrupt benefited by their waiver, being thus enabled to effect a composition, we think he is the one who should pay them."

The judgment of the court below is affirmed.

---

priority creditors shall have waived their claims or such deposit, or consented in writing to any provision of the arrangement for otherwise dealing with such claims, and the money necessary to pay the costs and expenses of the proceedings * * *."

8. Sec. 762, T. 11 U.S.C.A., reading insofar as pertinent here:

"* * * An application for the confirmation of the arrangement may be filed with the court within such time as the court shall have fixed in the notice of such meeting, or at or after such meeting and after, but not before— * * * (2) the debtor has made the deposit required under this chapter and under the arrangement."