**In the Matter of G & G APPLIANCE COMPANY.**

**No. 28675.**

United States District Court
D. Connecticut.
Sept. 19, 1961.

Joseph F. Trotta, of Trotta, Trotta & Trotta, and Richard A. Lo Ricco, New Haven, Conn., for petitioner, G & G Appliance Co., debtor.

Paul A. Scholder, New Haven, Conn., for respondent, the attorney for the debtor.

BLUMENFELD, District Judge.

This case is before the court on a petition by the debtor for a review of an order of the referee that a surplus of deposit remaining in the hands of the distributor after a confirmed arrangement was fully consummated should be paid to the attorney for the debtor on account of a compensatory allowance for his services to the debtor from the date he was authorized to be retained until the date the arrangement was confirmed.

In his application for allowance respondent Sid Miller, the attorney for the debtor, recited that he waived his right to inclusion of funds to pay his compensation in the deposit of monies to be set up with the distributor for disbursement under the arrangement, stating that he so waived in order to assist the debtor and that he would not so far as he knew receive payment immediately but rather in installments over a period of time. Accordingly, the deposit of funds made with the distributor to accomplish payments under the arrangement did not include funds designed to pay the compensation allowance to counsel for the debtor. The debtor's arrangement has been fully consummated and there remains a surplus in the hands of the distributor.

The referee scheduled a hearing of which the attorney was noticed to determine if this surplus should be returned to the debtor. The attorney did not appear at that hearing. After the hearing was had the referee entered its order under date of May 2, 1961 that the surplus on deposit in the hands of the depositor be paid to the debtor.

More than ten days later, Miller filed a petition for modification of the order dated May 2, 1961 claiming that a remittance to him of the surplus on deposit to be applied on account of that part of his compensation still unpaid would be "a more equitable disposition". The referee on June 22, 1961 made the order under review which is as follows: "Ordered: That the order dated May 2, 1961 is modified to provide that the surplus of the deposit shall be paid to Sid Miller on account of the compensation allowed him by order of this court."

The debtor's petition for review raises the issue of whether the referee had power on June 22, 1961 to modify his previous order dated May 2, 1961. He claims first that under Bankruptcy Rule 9 [1]; Rules for the United States District Court for the District of Connecticut, a petition for review filed with

1. "Rule 9—Petition for Review

"A petition for review of a referee's order must be filed with the referee within ten (10) days after the order is made, or within such extension as may be allowed under Section 39c of the Bankruptcy Act [11 U.S.C.A. § 67, sub. c]. (For filing fee, see Rule 3 (f).) Promptly upon the filing of the referee's certificate in review, the clerk shall notice the petition for review on the next motion day. If for good cause shown, the court grants a continuance of the hearing to a succeeding motion day, the said petition must be heard as assigned or be dismissed for lack of prosecution unless a certificate is obtained from the referee stating that in his opinion there is good cause for further continuance."

the referee within ten days of the May 2nd order was the only avenue open to Miller to secure any modification of that order. It is his further claim that Rule 7[2], becomes operable only upon the referee's own initiative. These rules are procedural not jurisdictional. In re Albert, 2 Cir., 1941, 122 F.2d 393; Biggs v. Mays, 8 Cir., 1942, 125 F.2d 693. No time limit is imposed within which the referee may act under Rule 7. The only restriction upon the referee under Rule 7 is that his action shall be taken "under proper circumstances" and "at any time while the case in which the order or finding is made is still pending before him". Whatever "proper circumstances" may mean, it does not relate to any restriction in point of time.

The petitioner further asserts lack of jurisdiction by reason of the limitations imposed upon the referee's powers under applicable statutes. The present matter originated as a petition for relief under Chapter XI by a debtor proposing an arrangement, 11 U.S.C.A. § 706(5), 11 U.S.C.A. § 768, provides that the court shall retain jurisdiction upon confirmation if so provided in the arrangement.

The arrangement itself provided, "The court shall retain jurisdiction until the deposit and distribution of said funds and for the period or periods described in stipulations filed or to be filed which provide for the payment of certain priority debts". Since no stipulation was ever filed, no added period became effective. The debtor claims that, after the consideration deposited by him had been distributed to the creditors affected by the arrangement (of whom the petitioner was not one), jurisdiction of the court ceased and that, therefore, the order of the referee dated May 2, 1961 was not only appropriate but required.

Title 11 U.S.C.A. § 110, sub. i, provides that, "Upon the confirmation of an arrangement or a plan, * * * the title to the property dealt with shall revest in the bankrupt or debtor * * *." The respondent does not claim that the funds in the possession of the depositor constitutes property to which he has a possessory right. It was not Miller's money that was deposited, it was the debtor's. He does not claim the fund was his. He asks that it be applied in payment on account of the debt owed to him instead of being returned to the debtor. This case, therefore, is readily distinguishable from In re Kalnitzsky Bros. & Oppenheim, 2 Cir., 1942, 285 F. 649 which holds that confirmation of a composition did not deprive the court or its referee of jurisdiction to determine conflicting claims to property in a receiver's possession.

There would seem to be no basis for arguing that Section 769[3] permits a retention of jurisdiction in this case. When the last creditor, whose claim had been approved and allowed, was paid from the funds on deposit there were no further disputes, allowances or disallowances relating to anyone affected by the arrangement to be resolved.

The respondent's waiver was legally sanctioned under the provisions of Section 737(2)[4] and this waiver was before

2. "Rule 7—Modification of Referee's Order
    "Any order or finding of a referee may, under proper circumstances, be reconsidered, vacated or modified by him at any time while the case in which the order or finding is made is still pending before him."

3. § 769—"The court shall in any event retain jurisdiction until the final allowance or disallowance of all debts, affected by the arrangement and not barred by the provisions of section 752 of this title, which—

"(1) have been proved, but not allowed, or disallowed, prior to the date of confirmation; or
"(2) are disputed or unliquidated, have been scheduled by the debtor, and are proved within such time as the court may direct; or
"(3) arise from the rejection of executory contracts by the debtor and are proved within such time as the court may direct."

4. § 737—"At such meeting, or at any adjournment thereof, the judge or referee

the referee when he made the allowance to Miller.

Miller does not now claim that he waived his rights against the fund on deposit under any misapprehension of facts nor does he claim that there has been any mistake, fraud or misrepresentation. He claims only that, "A remittance to him of said unused portion [of the deposit] to be applied to debtor's obligation for its attorney's compensation would be a more equitable disposition." This is rather a nebulous equitable ground. The fact that such a waiver receives formal recognition under a law which permits it amply justifies holding Miller bound thereby. The principle has been clearly expressed in the case of In re Frischknecht, 2 Cir., 1915, 223 F. 417, 420 where Judge Rogers in rendering the opinion of the court said:

"The persons in whose interest the trustee seeks to have the attachment set aside are the persons who expressly waived in writing in the composition proceeding the deposit of any money to pay the expenses of administration. They are the attorneys for the bankrupt, the attorneys for the trustee, both as attorneys for the trustee and as attorneys for petitioning creditors, and the trustee himself. If counsel choose to waive payment of their fees in order to make the sum so small that deposit can be made under a composition, so that the composition can be put through, this court is strongly opposed to their thereafter resuscitating their claims and insisting that they should be paid out of the estate. The bed they made for themselves they should lie in.

If the bankrupt benefited by their waiver, being thus enabled to effect a composition, we think he is the one who should pay them."

This principle was followed without qualification in In re Harry Smith Machine Company, 9 Cir., 1956, 232 F.2d 950. In that case the court after noting that an attorney who rendered services in behalf of the debtor was a priority creditor under the provisions of the Bankruptcy Act, pointed out that the arrangement could not have been confirmed unless the attorneys had waived a deposit sufficient to include payment of their fees and accordingly refused to impose a lien on the debtor's assets to secure an allowance of fees to the debtor's attorneys. And see: In re Huyler's, D.C. S.D.N.Y.1952, 108 F.Supp. 4, 5. Since the waiver was binding upon Sid Miller in the Chapter XI proceedings it was effective to exclude him as one "affected by the arrangement". It must be concluded that the referee was lacking in jurisdiction to issue the order of June 22, 1961.

In any event, upon all the facts of the case, it would not appear that there existed "proper circumstances" before the referee to justify the referee's modification of his earlier order of May 2, 1961. Although the referee may properly have regarded the waiver by Sid Miller to have been commendable, the existing state of the law does not permit him to consider that as "a proper circumstance". Since no recognized equitable ground was shown independently of that fact, it must be concluded that the referee's discretion, widely though it may be exercised within the limits of "proper circumstances", did, in this case, exceed those limits.

shall, after the acceptance of the arrangement—* * *

"(2) fix a time within which the debtor shall deposit, in such place as shall be designated by and subject to the order of the court, the consideration, if any, to be distributed to the creditors, the money necessary to pay all debts which have priority, unless such priority creditors shall have waived their claims

or such deposit, or consented in writing to any provisions of the arrangement for otherwise dealing with such claims, and the money necessary to pay the costs and expenses * * * incurred in connection with the proceedings and the arrangement by the committee of creditors and the attorneys or agents of such committee, in such amount as the court may allow;

The view this court takes of the present case makes it unnecessary to decide the debtor's claim that he and the respondent had come to an agreement whereby payment would be fulfilled by means of installments of $25 per week, and that having thus arrived at specific terms for the extension of credit to the debtor Miller was bound to refrain from any action to collect his fees so long as such installment payments were being made. It might be noted, however, that a controversy over whether there was such an agreement could have been avoided if there had been compliance with General Order 41 [5]. See 8 Collier 527, fn. 46.

For the aforementioned reasons the petition for review is granted. It is ordered that the referee's order of June 22, 1961 be vacated and the order of May 2, 1961 directing payment of the surplus on deposit to the debtor be reinstated.

5. "Order 41—Waiver of Right to Share in Deposits or in Payments under an Arrangement or Plan.

"Before confirming an arrangement or plan the court shall require all creditors and other persons who may have waived their right to share in the distribution of the deposit or in payments under the arrangement or plan, for claims, fees or otherwise, to set forth in writing and under oath all agreements with respect thereto with the debtor, his attorney or other person, and shall also require an affidavit by the debtor that he has not directly or indirectly paid or promised any consideration to any attorney, trustee, receiver, creditor, or other person in connection with the proceedings except as set forth in such affidavit or in the arrangement or plan, and that he has no knowledge of any such payment or promise by any other party."