In re G & G APPLIANCE COMPANY.
Sid M. MILLER, Petitioner-Appellant,
v.
The G & G APPLIANCE CO., Debtor-Appellee.

No. 232, Docket 27275.

United States Court of Appeals
Second Circuit.

Argued Feb. 15, 1962.

Decided March 13, 1962.

Sid M. Miller, Hamden, Conn., pro se and Paul A. Scholder, New Haven, Conn., for appellant.

Joseph F. Trotta of Trotta, Trotta & Trotta, New Haven, Conn. (Richard A. LoRicco, New Haven, Conn., on the brief), for appellee.

Before WATERMAN, SMITH and HAYS, Circuit Judges.

PER CURIAM.

This is an appeal from a decision of the United States District Court for the District of Connecticut, reported at D.C., 197 F.Supp. 844, vacating an order of a referee in bankruptcy entered pursuant to Rule 7 of the Bankruptcy Rules of the District of Connecticut.[1] The facts are stated in the opinion of the Court below. We affirm. Appellant's waiver was sanctioned by 11 U.S.C. § 737(2) (1958), and his desire to escape from its consequences does not amount to "proper circumstances" to justify the referee's modification of his order. See In re: Frischknecht, 223 F. 417 (2d Cir. 1915); In re: Harry Smith Machine Co., 232 F.2d 950 (9th Cir. 1956). In the light of this conclusion we do not reach the question of the jurisdiction of the referee to modify his previous order.

1. "Rule 7—Modification of Referee's Order
"Any order or finding of a referee may, under proper circumstances, be reconsidered, vacated or modified by him at any time while the case in which the order or finding is made is still pending before him."