In the Matter of **TIME SALES FINANCE CORPORATION** and its wholly owned subsidiary corporations, et al., Debtors.

Appeal of **CENTRAL PENN NATIONAL BANK.**

No. 73–1759.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6).

Jan. 7, 1974.

Decided Feb. 7, 1974.

---

Wouter Keesing, LeRoy E. Perper, White & Williams, Philadelphia, Pa., for appellant.

Marvin Krasny, Adelman & Lavine, Philadelphia, Pa., for appellee.

Before ADAMS, HUNTER and WEIS, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

A creditor's claim for interest accruing after the date a petition was filed for an arrangement under the Bankruptcy Act prompts this appeal.

On April 5, 1968, Time Sales Finance Corporation (the bankrupt) filed a petition for an arrangement under Chapter XI of the Bankruptcy Act.[1] The bankrupt's indebtedness to Central Penn, amounting to $51,754.71, was evidenced by three notes, due respectively on April 10, 1968, May 27, 1968, and June 4, 1968, each providing for payment of principal "with interest from date."

One group of creditors, who had advanced money to the bankrupt prior to the filing of the petition for an arrangement, had accepted five-year debenture notes[2] containing the following subordination provision:

> In the event of any liquidation, dissolution or winding up of the company or of any receivership, insolvency, bankruptcy, liquidation, readjustment, reorganization or other similar proceedings relative to the company or its creditors or its property, *all principal and interest owing on all superior indebtedness of the company shall be paid in full before any payment is made on Five Year Debenture Notes.*
> . . . (Emphasis added)

After the Chapter XI proceedings failed, an adjudication in bankruptcy

---

1. 11 U.S.C. §§ 701–799.

2. The trustee does not dispute Central Penn's status as a holder of superior indebtedness under the following provision of the notes:

> The indebtedness evidenced by this Five Year Note shall be subordinate and junior in right of payment, in all respects, to any and all indebtedness of the company now existing or hereafter incurred not expressly incurred on an equality with Five Year Notes or subordinate or junior thereto, (hereinafter called Superior Indebtedness) as more fully hereinafter set forth.

followed, and the referee in bankruptcy issued an order of partial distribution dated July 20, 1971. Under the order, which gave effect to the subordination provision of the debenture notes, Central Penn received $51,754.71, the full amount owed to it on the date of the filing of the petition and as demonstrated by its proof of claim filed on April 29, 1968. The holders of the subordinated debenture notes received an amount equal to 10 per cent of the bankrupt's indebtedness to them.

Central Penn, however, requested an additional $11,311.06, representing interest claimed to be due from the date of the petition up to the date of the order of partial distribution. The assets of the bankrupt's estate remaining undistributed, although exceeding the value of $11,311.06, are not sufficient to compensate fully the holders of the subordinated debenture notes and to satisfy Central Penn's claim for the additional interest.[3] Central Penn, nonetheless, contends that the subordination provisions of the debenture notes require the trustee to distribute $11,311.06 to it.

The referee refused to allow Central Penn's claim for the additional interest for two reasons. First, the referee referred to section 63(a)(1) of the Bankruptcy Act,[4] which provides, in part, that "[d]ebts of the bankrupt may be proved and allowed . . . which are founded upon . . . a fixed liability . . . owing at the time of the filing of the petition . . . with any interest thereon which would have been recoverable at that date. . . .", and concluded that none of the cases cited by Central Penn justified ignoring the limitation on allowable interest implicit in section 63(a)(1). Second, the referee found that Central Penn's proof of claim failed to conform with General Order 21(1) of the Supreme Court[5] with respect to its claim for interest allegedly accruing after the filing of the petition, and held that Central Penn's tardiness in subsequently asserting its claim for post-petition interest itself precluded satisfaction.

Central Penn petitioned for review in the district court of the referee's order disallowing its claim for interest accruing after the petition was filed. The district court affirmed the referee's order, although on slightly different grounds. First, noting the implicit limitation on post-petition interest in section 63(a)(1), the district court declined to make an exception to that limitation and to allow payment of interest to the date of distribution, especially since the provision of the debenture notes relating to the bankruptcy situation was not sufficiently precise "to alert the [debenture] note holders that interest would be paid [to Central Penn] up to the date of payment of the claim." Second, the district court found that Central Penn's proof of claim with regard to the post-petition interest did not comply with section 57(a) of the Bankruptcy Act,[6] and held

---

3. Stipulation of Counsel filed February 15, 1972, ¶¶ 5 & 6.

4. 11 U.S.C. § 103(a)(1).

5. General Order 21(1) provides as follows:
 A proof of claim against an estate shall be correctly entitled in the court and in the cause. When made to prove a debt due to a partnership it shall state that the deponent is a member of the partnership; when made by an agent, it shall state the reason the proof is not made by the claimant in person; and when made to prove a debt due to a corporation, the proof shall be made by a duly authorized officer of the corporation. A proof of claim for a debt founded upon an open account shall state when the debt became or will become due; and if it consists of items maturing at different dates the average due date shall be stated, in default of which no interest shall be allowed. Each such proof of claim shall state whether a note or other negotiable instrument has been received for such account or any part thereof, or whether any judgment has been rendered thereon. If a note or other negotiable instrument has been received, it shall be filed with the proof of claim. Proofs of claim received by any trustee shall be delivered to the referee to whom the cause is referred.

6. Section 57(a) provides as follows:
 A proof of claim shall consist of a statement, in writing and signed by a creditor, setting forth the claim; the consideration therefor; whether any, and if so, what secu-

that this finding of noncompliance supported the referee's decision. Third, the district court stated that "[t]he action of the referee in this case was in strict accordance with equitable practices."

Central Penn contends that, in the specific circumstances here, the referee and the district court erred in reading section 63(a)(1) to prevent post-petition interest. It asserts that the general rule articulated in section 63(a)(1) —the bankrupt's financial position on the date of the filing of the petition controls during the subsequent winding up of its affairs—is not immutable, and in certain situations interest accruing subsequent to the filing of the petition is recoverable.[7]

Further, it is clear, according to Central Penn, that it is within the equity powers of the bankruptcy court to give effect to a subordination agreement during the distribution of a bankrupt's assets.[8] Central Penn strongly urges that the class of exceptions to the general rule be extended to include post-petition interest where, as here, there is a subordination agreement.

Addressing the requirements relating to proof of claim in section 57(a) and General Order 21(1), Central Penn also asserts that at the time it filed its proof of claim there was attached the three notes payable to it that had been executing by the bankrupt providing for "interest from date," and that, therefore, its proof of claim regarding post-petition interest did conform to the requirements of section 57(a) and General Order 21(1).

We need not decide, at this time, whether the narrow group of exceptions to the general rule that "everything stops" at the date the petition is filed[9] is to be expanded to include the situation here. Neither do we need to decide whether Central Penn's proof of claim adequately presented its demand for post-petition interest or, if such demand is to be regarded as insufficient, whether the insufficiency is to operate to bar Central Penn from otherwise asserting its claim.

 Instead, the district court's conclusion that the subordination provision contained in the debenture notes did not appropriately apprise the debenture note holders that their claims against the bankrupt would be subordinated to Central Penn's demand for post-petition interest is not incorrect and, thus, is adequate to sustain its order denying Central Penn's claim for post-petition interest. Certainly, in light of this conclusion of the district court, we cannot say that its refusal to allow post-petition interest constituted an abuse of the discretion it has with regard to the exercise of its equitable power.[10] If a creditor desires to establish a right to post-petition interest and a concomitant reduction in the dividends due to subordinated creditors, the agreement should clearly show that the general rule that interest stops on the date of the filing of the petition is to be suspended, at least vis-a-vis these parties.

rities are held therefor; and whether any and, if so, what payments have been made thereon; and that the claim is justly owing from the bankrupt to the creditor. A proof of claim filed in accordance with the requirements of this title, the General Orders of the Supreme Court, and the official forms, even though not verified under oath, shall constitute prima facie evidence of the validity and the amount of the claim.

7. See United States v. Bass, 271 F.2d 129, 130 (9th Cir. 1959), and authorities cited therein.

8. See, e. g., Bird & Sons Sales Corp. v. Tobin, 78 F.2d 371, 373 (8th Cir. 1935).

9. Sexton v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244 (1911).

10. "It is manifest that the touchstone of each decision on allowance of interest in bankruptcy, receivership and reorganization has been a balance of equities between creditor and creditor or between creditors and the debtor." Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 165, 67 S.Ct. 237, 241, 91 L.Ed. 162 (1946). See In re Magnus Harmonica Corp., 262 F. 2d 515, 518 (3d Cir. 1959).

When we are confronted with an instrument that satisfactorily indicates that subordinated creditors were put on notice that superior creditors may be entitled to interest up to the date of actual distribution and, of course, the rules regarding the assertion of the claim have been complied with, we may then be called upon to determine whether the language of section 63(a)(1) and the policies underpinning the Bankruptcy Act permit the payment of post-petition interest from the bankrupt's estate where some of the creditors have agreed to subordinate their claims against the bankrupt to those of other creditors.

Accordingly the judgment of the district court will be affirmed.