In re KINGSBORO MORTGAGE CORP.

BANKERS LIFE CO., Appellee,

v.

MANUFACTURERS HANOVER TRUST CO. and Howard F. Sunshine, Trustee in Bankruptcy, Appellants.

No. 516, Docket 74-2177.

United States Court of Appeals, Second Circuit.

Argued Feb. 25, 1975.

Decided April 3, 1975.

---

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

Henry Landau, Simpson, Thacher & Bartlett, New York City, for appellant Manufacturers Hanover Trust Co.

Samuel R. Rudey, Weisman, Celler, Spett, Modlin & Wertheimer, New York City, for appellant-trustee.

William E. Kelly, New York City (James M. Shaugnessy, Casey, Lane & Mittendorf, New York City, of counsel), for appellee.

Before LUMBARD, OAKES and TIMBERS, Circuit Judges.

PER CURIAM:

We agree with the United States District Court for the Southern District of New York, John M. Cannella, *Judge*, reversing the decision of Bankruptcy Judge Edward J. Ryan, that under the subordination agreement here in question, the senior creditors are not entitled to be paid interest accruing after the date of bankruptcy through the date of payment of principal. Interest stops running against the bankrupt on the date of bankruptcy, § 63(a)(1) of the Bankruptcy Act, 11 U.S.C. § 103(a)(1), because any delay thereafter is by law for the preservation of the estate. Vanston Bondholders Protective Committee

v. Green, 329 U.S. 156, 163, 67 S.Ct. 237, 91 L.Ed. 162 (1946). See 3A Collier, Bankruptcy ¶ 63.16.[1] *See also* City of New York v. Saper, 336 U.S. 328, 330–32, 69 S.Ct. 554, 93 L.Ed. 710 (1949); Sexton v. Dreyfus, 219 U.S. 339, 344–45, 31 S.Ct. 256, 55 L.Ed. 244 (1911).

Post-petition interest, Judge Cannella rightly held, is, for similar reasons, not recoverable by senior creditors out of dividends due from the estate to junior creditors, at least absent a structure of priorities among creditors by express provision in the subordination contract. In re Kingsboro Mortgage Corporation, 379 F.Supp. 227 (S.D.N.Y.1974).[2] Here the contract does not explicitly refer to post-bankruptcy interest. Judge Cannella's decision requiring unambiguous language in the subordination agreement conforms to the Third Circuit's in In re Time Sales Finance Corp., 491 F.2d 841 (3d Cir. 1974), and was followed by District Judge Winner in In re King Resources Co., 385 F.Supp. 1269 (D.Colo. 1974). Nor is our In re Credit Industrial Corp., 366 F.2d 402, 408 (2d Cir. 1966), inconsistent. That case did not involve post-petition interest, even while recognizing that subordination agreements are not unenforceable as such in bankruptcy.

We agree, then, that the language in Section 12(b) of the Subordination Agreement, "In the event of any insolvency, bankruptcy, liquidation, reorganization or other similar proceedings . . then all principal and interest on all Senior Debt shall first be paid in full . . before any payment on account of principal or interest is made upon the Notes [junior indebtedness]," is insufficiently express to relate to post-bankruptcy interest. This conclusion is reinforced by the language of the final paragraph of Section 12 that "The provisions of this section 12 are for the purpose of defin-

1. The exceptions to this rule, when the estate later proves solvent or when secured creditors' collateral produces income during bankruptcy, Sword Line, Inc. v. Industrial Commissioner, 212 F.2d 865, 869 (2d Cir.), cert. denied, 348 U.S. 830, 75 S.Ct. 53, 99 L.Ed. 654 (1954), are inapplicable here.

2. We need not pass upon the validity between creditors of an agreement subordinating junior indebtedness to post-bankruptcy interest on the senior debt. Our own In re Credit Industrial Corp., 366 F.2d 402, 408 (2d Cir. 1966), contains language broad enough to permit any such a provision despite Bankruptcy Act policies vis a vis the bankrupt estate.

ing the relative rights of the holders of Senior Debt on the one hand, and the holders of the Notes on the other hand, *against the Company* [the bankrupt] and its property . . ." (emphasis added); the section in other words relates to priorities among creditors against the bankrupt estate, not *inter sese*. Appellants argue this final paragraph refers to reorganization under Chapter X and not to bankruptcy or an arrangement under Chapter XI. Not only do we find no such limitation; reference back to Section 12(b) above quoted indicates application specifically to "bankruptcy" as well as "reorganization."

Judgment affirmed.