528 F.2d 789
 In the Matter of KING RESOURCES COMPANY, Debtor.
CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF
CHICAGO et al., Appellants,
v.
FIRST NATIONAL CITY BANK OF NEW YORK, Indenture Trustee, et
al., Appellees.
 No. 75--1094.
 United States Court of Appeals,
Tenth Circuit.
 Argued Sept. 15, 1975.
Decided Jan. 16, 1976.
 
 Charles E. Matheson, Fairfield & Woods, Denver, Colo. (Harry M. Sterling, Sterling, Simon & Rubner, Denver, Colo., on the brief), for appellants.
 Thomas S. Nichols, Davis, Graham & Stubbs, Denver, Colo. (Robert L. Shanstrom and A. Bruce Campbell, Davis, Graham & Stubbs, Denver, Colo., on the brief), for appellee, United Bank of Denver, N.A.
 John E. Hoffman, Jr., Shearman & Sterling, New York (Charles A. Beach, Shearman & Sterling, New York City, Thomas J. Kerwin and Richard W. Breithaupt, Hindry & Meyer, P.C., Denver, Colo., on the brief), for appellee, First Nat. City Bank.
 Lawrence E. Nerheim, Gen. Counsel, David Ferber, Sol., Martin S. Berglas, Atty., Washington, D.C., James T. Eichstaedt, Atty., Chicago, Ill., on the brief, for appellee, S.E.C.
 John S. Pfeiffer and Robert J. Kapelke, Denver, Colo., on the brief for appellee, Charles A. Baer, Trustee.
 Before HOLLOWAY, McWILLIAMS and BARRETT, Circuit Judges.
 McWILLIAMS, Circuit Judge.
 
 
 1
 The issue here to be resolved is whether the trial court erred in its determination that certain so-called senior lenders to King Resources Company, the debtor, were not entitled to interest from and after the date an involuntary petition was filed against the debtor under Chapter X of the Bankruptcy Act. Our study of the record leads us to conclude that the trial court did not err, and we therefore affirm.
 
 
 2
 This is an appeal pursuant to 11 U.S.C. § 47 from an interlocutory order of the trial court sitting as a bankruptcy court. The trial court's rather detailed memorandum opinion appears as In the Matter of King Resources Company, Debtor, 385 F.Supp. 1269 (D.Colo.1974). Reference should be made to the trial court's opinion for the background facts out of which the present controversy arises. The facts will be set forth herein only to the extent necessary to an understanding of our disposition of the appeal.
 
 
 3
 The so-called senior lenders, the appellants in this proceeding, are certain commercial banks and the State of Ohio who together loaned the debtor some $25,000,000. The debtor also sold and issued domestic subordinate convertible debentures in an amount in excess of $24,000,000, and also guaranteed payment of certain foreign subordinated convertible debentures in the principal amount of $15,000,000. These indentures, i.e., both domestic and foreign subordinate debentures, contained provisions which subordinated the payment of such debentures to the senior debt of the debtor, which included interest on the senior debt to the date of payment.
 
 
 4
 It was in this general setting that Chapter X proceedings were filed against the King Resources Company. In the course of such proceedings both the trustee for the debtor and the senior lenders proposed plans for the reorganization of the debtor corporation. The plan proposed by the senior lenders provided, in effect, that the senior lenders would receive interest on outstanding indebtedness after the date of the filing of the petition under Chapter X and continuing until there was final payment of all outstanding indebtedness due the senior lenders. Such interest was to be paid to the senior lenders out of the share of the reorganized company that would have otherwise gone to the subordinated debenture holders. On the other hand, the trustee's plan provided, in effect, that the senior lenders would only receive interest on the outstanding indebtedness up to the date of filing of the petition, and would not receive interest after that date. The trial court approved the trustee's plan and thereby disallowed postpetition interest to the senior lenders. This appeal is from that interlocutory order.
 
 
 5
 The precise question posed in the present appeal has been before both the Second and Third Circuits, and each circuit held that there was no error on the part of the trial court in refusing to allow such a senior lender post-petition interest. See In re Kingsboro Mortgage Corp., 514 F.2d 400 (2d Cir. 1975) and In re Time Sales Finance Corp., 491 F.2d 841 (3d Cir. 1974). We agree with both the reasoning and result reached in those cases.
 
 
 6
 The senior lenders in the present proceeding agree with the general proposition that in a bankruptcy proceeding an unsecured creditor, such as the senior lenders, cannot recover post-petition interest on a claim against the bankrupt. To escape the effect of this general rule the senior lenders emphasize that here they are not seeking post-petition interest from the debtor, and that should post-petition interest be allowed it would be at the expense of the debenture holders and not the debtor. Such result should obtain in the instant case, according to the senior lenders, because of certain subordinating language contained in the indenture agreement. The subordination provisions in the indentures in the present case read as follows:
 
 
 7
 Upon any distribution of assets of the Company upon . . . reorganization of the Company . . . (a) The holders of all Senior Indebtedness shall first be entitled to receive payment in full of the principal thereof (and premium, if any) and interest due thereon before the holders of the Debentures are entitled to receive any payment on account of the principal of (or premium, if any) or interest on the Debentures . . ..
 
 
 8
 It should be noted that the subordination provisions with which we are here concerned are in all material respects the same as those under consideration in Kingsboro and Time Sales Finance. In the instant case, as in Kingsboro and Time Sales, the subordination provisions make no specific reference to the question of post-petition interest. The holding in both Kingsboro and Time Sales is that where the subordinating provisions are unclear or ambiguous as to whether post-petition interest is to be allowed a senior creditor, the general rule that interest stops on the date of filing of the petition in bankruptcy is to be followed. In Time Sales appears the following pertinent comment:
 
 
 9
 the district court's conclusion that the subordination provision contained in the debenture notes did not appropriately apprise the debenture note holders that their claims against the bankrupt would be subordinated to Central Penn's demand for post-petition interest is not incorrect and, thus, is adequate to sustain its order denying Central Penn's claim for post-petition interest. Certainly, in light of this conclusion of the district court, we cannot say that its refusal to allow post-petition interest constituted an abuse of the discretion it has with regard to the exercise of its equitable power.[10] If a creditor desires to establish a right to post-petition interest and a concomitant reduction in the dividends due to subordinated creditors, the agreement should clearly show that the general rule that interest stops on the date of the filing of the petition is to be suspended, at least vis-a-vis these parties. 491 F.2d at 844.
 
 
 10
 Footnote 10 in the above quotation from Time Sales reads as follows:
 
 
 11
 In the instant case the indentures do not 'clearly show' that the senior lenders are entitled to post-petition interest at the expense of the debenture holders. Hence, in line with Kingsboro and Time Sales, the trial court did not err or in any case abuse its discretionary powers in following the general rule that interest stops on the date of the filing of a petition in bankruptcy.
 
 
 12
 Judgment affirmed.
 
 
 
 [10]
 'It is manifest that the touchstone of each decision on allowance of interest in bankruptcy, receivership and reorganization has been a balance of equities between creditor and creditor or between creditors and the debtor.' Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 165, 67 S.Ct. 237, 241, 91 L.Ed. 162 (1946). See In re Magnus Harmonica Corp., 262 F.2d 515, 518 (3d Cir. 1959)