FAY,
Senior Circuit Judge, dissenting:
Most respectfully, I dissent. The majority opinion abolishes the well established Rule of Explicitness in bankruptcy proceedings. It does so by relying on “silence” in the legislative history of the 1978 Bankruptcy Code and by a strained interpretation of the language of 11 U.S.C. § 510(a). In my opinion this is both unfounded and unwise.
As the majority correctly points out, the examination of the statute begins with the language itself. However, it is also true that when Congress amends the bankruptcy laws, it does not “write on a clean slate,” but rather, is guided by the established practices of the bankruptcy courts. Dewsnup v. Timm, 502 U.S. 410, 419, 112 S.Ct. 773, 779, 116 L.Ed.2d 903 (1992). Further, as the majority observes, we must assume that Congress was fully aware of the Rule of Explicitness when enacting §510(a). See Midlantic Nat’l Bank v. New Jersey Dep’t of Environmental Protection, 474 U.S. 494, 500-501, 106 S.Ct. 755, 759, 88 L.Ed. 2d 859 (1986); In re Charter Co., 876 F.2d 866, 870 n.6 (11th Cir. 1989), cert. dismissed, 496 U.S. 944, 110 S.Ct. 3232, 110 L.Ed.2d 678 (1990).
The Supreme Court has provided a guideline for interpreting this section by holding that amendments to existing bankruptcy laws are not to be read to revoke judicially established principles absent an express statement or a clear indication that such a result was intended. Cohen v. de la Cruz, — U.S. -,-, 118 S.Ct. 1212, 1218, 140 L.Ed.2d 341 (1998); Pennsylvania Dep’t of Public Welfare v. Davenport, 495 U.S. 552, 563, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990); Midlantic Nat’l Bank, 474 U.S. at 501, 106 S.Ct. 755 (“The normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific.”); Davis v. Michigan Dep’t of Treasury, 489 U.S. 803, 813, 109 S.Ct. 1500, 1506, 103 L.Ed.2d 891 (1989). We have repeated this standard in In re Colortex Industries, Inc., 19 F.3d 1371, 1374 (11th Cir.1994) (“Silent abrogation of judicially created concepts is particularly disfavored when construing the Bankruptcy Code.”).
The section which the appellant contends overrules the Rule of Explicitness states:
A subordination agreement is enforceable in a case under this title to the same extent that such agreement is enforceable under applicable nonbankruptcy law.
11 U.S.C. § 510(a).
There is simply nothing in the language of this section declaring the Rule of Explicitness abolished. The statute is completely silent. Furthermore, the legislative history provides no indication that the intention of §510(a) was to eliminate the Rule of Explicitness. To display such an intention, one would expect at least a marginal amount of debate on the rule. To the contrary, the Rule of Explicitness was never mentioned in the legislative history. See H.R. Rep. No. 595, 95th Cong., 1st Sess. 359 (1977), reprinted in 1978 U.S.C.C.A.N. 5963; S. Rep. No. 989, 95th Cong., 2d Sess. 74 (1978), repnnted in 1978 U.S.C.C.A.N. 5787.
Moreover, the policy of denying claims for postpetition interest to creditors has long been established. This general rule was promulgated by the English bankruptcy system nearly two centuries ago and was subsequently adopted by our legal system. See Sexton v. Dreyfus, 219 U.S. 339, 344, 31 S.Ct. 256, 257, 55 L.Ed. 244 (1911). Ultimately, Congress codified this policy in the Bank *1127 ruptcy Code under 11 U.S.C. §§ 502 and 506. Section 502(b)(2) states the general rule that a claim for interest is suspended once the petition for bankruptcy is filed. See 11 U.S.C. § 502(b)(2). Section 506 carves out a narrow exception to the general rule by allowing claims for postpetition interest for oversecured creditors. 11 U.S.C. § 506(b). Although §§ 502 and 506 concern postpetition interest claims against the estate and not between creditors, the Rule of Explicitness works in harmony with those sections by disallowing claims for postpetition interest between creditors unless the agreement is unequivocal. In light of those sections, one would expect that if Congress intended to eliminate the Rule of Explicitness they would have made that intention unmistakably clear. I do not think it is correct to find a clear intention to abandon an established rule of bankruptcy law through the silence of Congress. In short, it is my opinion that Congress did not intend to abrogate the Rule of Explicitness.
The holding of the majority also runs counter to a number of respected commentaries, written after Congress amended § 510(a), which cite the Rule of Explicitness as a governing principle when considering the award of postpetition interest. See Jonathon M. Landers, Kathryn A. Coleman, Claims Issues, 767 PLI/Comm 819, 846 (1998) (“Several decisions hold that, given the general bankruptcy rule against post-petition interest, the subordination will not enable senior lenders to obtain post-petition interest at the expense of junior lenders unless the indenture specifically so provides.”); Marcia L. Goldstein, Sean L. McKenna Intercreditor and Subordination Issues, 793 PLI/Corp 679, 684 (1992)(“subordination to postpetition interest must be carefully crafted in order to be enforceable in a bankruptcy ease.”); Carl D. Lobell, Sharon B. Applegate, Lending to Troubled Companies-Special Considerations: Fraudulent Transfers, Substantive Consolidation, Subordinated Debt Treatment: Developing Theories of Lender Liability and Equitable Subordination, 773 PLI/ Corp 175, 253 (1991); Margaret Sheneman, Classification and Allowance of Claims, 429 PLUComm 931, 974 (1987). See also In re Southeast Banking Corp., 212 B.R. 682, 688 (S.D.Fla.1997) (citing other articles). The position of the majority is also refuted by the leading treatise in the area which cites the Rule of Explicitness to limit recovery of post-petition interest.[1] 4 L. King Collier on Bankruptcy ¶ 510.03[3] at 510-8 (15th ed. rev. 1998). The commentaries and the rulings being reviewed convince me that the language of § 510(a) has not abolished the Rule of Explicitness.
The Rule of Explicitness was created more than twenty years ago by the bankruptcy courts based on equitable considerations. It was upheld as good law by three different appellate courts[2], is of sound policy, and completely consistent with the goals of bankruptcy law. It is well known and accepted by those in the financial world. I do not believe the rules of statutory interpretation set forth by the United States Supreme Court allow us to void such a rule without a more definite mandate from Congress. I would affirm the opinion of the District Court, which affirms the ruling of the Bankruptcy Court, for the reasons set forth in the opinions of those courts.[3]

.Collier states, "[c]ourts have uniformly relied on state law to prevent.. .[senior creditors from recovering from junior creditors], invoking the rule of contract construction known as the Rule of Explicitness to deny postpetition interest to undersecured senior creditors even in the face of valid and enforceable subordination agreements." 4 L. King Collier on Bankruptcy ¶ 510.03[3] at 510-8 (15th ed. rev. 1998). In fairness, it is important to note the decision of the Bankruptcy Court in this case was one of several cases cited to support this position. Nonetheless, the possibility of an inconsistency with the Rule of Explicitness and §510(a) is not mentioned.

. In re Matter of King Resources Co., 528 F.2d 789 (10th Cir.1976); In re Kingsboro Mortgage Co., 514 F.2d 400 (2nd Cir.1975); In re Time Sales Fin. Corp., 491 F.2d 841 (3rd Cir.1974).

. In re Southeast Banking Corp., 212 B.R. 682 (S.D.Fla. 1997); In re Southeast Banking Corp., 188 B.R. 452 (Bankr.S.D.Fla. 1995).