**In re BANK OF NEW ENGLAND CORPORATION, Debtor.**

**No. 91–10126–WCH.**

United States Bankruptcy Court, D. Massachusetts.

Nov. 1, 2001.

Hugh Ray, Robin Russell, Andrews & Kurth L.L.P., Houston, TX, for Trustee.

Sarah L. Reid, Joseph N. Froehlich, Kelly Drye & Warren LLP, New York City, for Senior Indenture Trustees.

Steven Weiss, Shatz, Schwartz & Fentin, P.C., Springfield, MA, Dianne F. Coffino, Dewey Ballantine LLP, New York City, Katherine A. Constantine, Monica L. Clark, Dorsey & Whitney LLP, Minneapolis, MN, for Junior Indenture Trustees.

## MEMORANDUM DECISION ON TRUSTEE'S MOTION FOR ORDER AUTHORIZING FOURTH INTERIM DISTRIBUTION

WILLIAM C. HILLMAN, Chief Judge.

Dr. Ben S. Branch, Chapter 7 Trustee (the "Trustee") of Bank of New England Corporation ("BNEC" or "the Company") has moved for authority to make a fourth interim distribution in the amount of $11,000,000 to the creditors of the estate (the "Motion"). As to the recipients of this distribution, the Trustee avers:

> Pursuant to the contractual subordination provisions of BNEC's indentures, the Senior Bondholders have been paid in full. Accordingly, on the date of the Fourth Interim Distribution, all payments to which the holders of senior indebtedness would be entitled shall be paid to the Junior Indenture Trustees for distribution to the holders of BNEC's subordinated indebtedness.

*Motion,* ¶ 16.

HSBC Bank USA, as successor to Marine Midland Bank, N.A., and The Chase Manhattan Bank, as successor to Manufac-

turers Hanover Trust Company (collectively, the "Senior Indenture Trustees") filed an objection to the proposed distribution. U.S. Bank Trust National Association and Chemical Bank Delaware (collectively, the "Junior Indentures Trustees") joined in support of the Motion. After a hearing I took the matter under advisement and I now grant the Motion. The following constitute my findings of fact and conclusions of law in accordance with Fed. R. Bankr.P. 7052.

### Facts

There are no substantive factual issues to be resolved; it is the application of the law to the undisputed facts which is in controversy. This recitation is derived primarily from the *Trustee's Reply Brief Supporting Motion for Order Authorizing Fourth Interim Distribution.*

BNEC filed this Chapter 7 case over ten years ago. Prior to filing, BNEC had issued six separate issues of indenture debt, aggregating $705,972,000 in principal amount. Three issues are entitled to the benefit of contractual subordination provisions, and will be described as the Senior Debt. The remaining three issues (the "Junior Debt") contractually subordinate payment in accordance with the terms of their indentures (the "Junior Indentures").

Through prior interim distributions, the Trustee has paid to the Senior Debt all allowed claims for principal and pre-petition interest plus post-petition fees and expenses incurred through the date of the last such distribution. The Trustee has created a reserve to cover any future fees and legal expenses. He proposes to make the next interim distribution to the Junior Debt. In the Objection, the Senior Indenture Trustees assert that the distribution should be first applied to post-petition interest due on the Senior Debt.

Each of the Junior Indentures provides that it is governed by New York law and contains a provision virtually identical to the following, which is quoted from one such indenture:

> [E]ach Holder likewise covenants and agrees by his acceptance thereof, that the obligations of the Company to make payment on account of the principal and interest on each and all of the Notes shall be subordinate and junior, *to the extent and in the manner hereinafter set forth,* in right of payment to the Company's obligations to the holders of Senior Indebtedness of the Company. (emphasis added).

The "extent and manner hereinafter set forth" includes the following provision:

> The Company agrees that upon ... any payment or distribution of assets of the Company of any kind or character, whether in cash, property or securities, to creditors upon any dissolution or winding up or total or partial liquidation or reorganization of the Company, whether voluntary or involuntary or in bankruptcy, insolvency, receivership, conservatorship or other proceedings, all principal (and premium, if any), sinking fund payments and interest due on or to become due upon all Senior Indebtedness of the Company *shall first be paid in full,* or payment thereof provided for in money or money's worth in accordance with its terms, before any payment is made on account of the principal or interest on the indebtedness evidenced by the [Junior] Notes due and owning at the time.... (emphasis added).

### Issue

The issue before me resolves itself into the meaning of the emphasized phrase "shall first be paid in full." If that language does not encompass post-petition

interest, the Trustee's position is well taken and the present motion should be granted as presented. If it does have the added breadth, then the interim distribution should be authorized (no one disputes this) but payment would go to the Senior Indenture Trustees to the extent of post-petition interest, which appears to far exceed the amount proposed for distribution.

### Discussion

■■■■ The outcome of this controversy will depend upon the application of the so-called Rule of Explicitness to the language used in the Junior Indentures. That principle is generally traced to *Bankers Life Co. v. Manufacturers Hanover Trust Co. (In re Kingsboro Mortgage Corp.)*, 514 F.2d 400 (2d Cir.1975), where the issue was the same as now before me. The language before the court in that case was strikingly similar to that quoted above:

> In the event of any insolvency, bankruptcy liquidation, reorganization or other similar proceedings ... then all principal and interest on all Senior Debt *shall first be paid in full* ... before any payment on account of principal or interest is made upon the Notes (junior indebtedness).

514 F.2d at 401 (emphasis added).

The Court of Appeals held that the quoted language "is insufficiently express to relate to post-bankruptcy interest." *Id. See also In re Time Sales Fin. Corp.*, 491 F.2d 841, 844 (3d Cir.1974) ("If a creditor desires to establish a right to post-petition interest and a concomitant reduction in the dividends due to subordinated creditors, the agreement should clearly show that the general rule that interest stops on the date of the filing of the petition is to be suspended, at least vis-a-vis these parties.")

At that time, of course, the operative law was the Bankruptcy Act, but its § 63(a)(1),[1] like the present law's § 502(b)(2),[2] denied creditors post-petition interest. Missing from the Act, however, was a provision comparable to the Bankruptcy Code's § 510(a): "A subordination agreement is enforceable in a case under this title to the same extent that such agreement is enforceable under applicable nonbankruptcy law."

The addition of § 510(a) led to a debate as to whether the Rule of Explicitness had been overruled. A scholarly examination of that issue can be found in *Chemical Bank v. First Trust of New York (In re Southeast Banking Corp.)*, 156 F.3d 1114 (11th Cir.1998). Finding itself in doubt, the Eleventh Circuit certified the following question to the New York Court of Appeals:

> What, if any, language does New York law require in a subordination agreement to alert a junior creditor to its assumption of the risk and burden of the senior creditor's post-petition interest?

*Id.* at 1125.

The New York Court of Appeals responded that

> In accordance with the Rule of Explicitness, New York law would require spe-

---

1. "Debts of the bankrupt may be proved and allowed against his estate which are founded upon (1) a fixed liability, as evidence by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition by or against him, whether then payable or not, with any interest thereon which would have been recoverable at that date...." 11 U.S.C. § 63a (Repealed).

2. (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that ... (2) such claim is for unmatured interest.... 11 U.S.C. § 502(b)(2).

cific language in a subordination agreement to alert a junior creditor to its assumption of the risk and burden of allowing the payment of a senior creditor's post-petition interest demand. *Chemical Bank v. First Trust of New York (In re Southeast Banking Corp.)*, 93 N.Y.2d 178, 186, 688 N.Y.S.2d 484, 710 N.E.2d 1083, 1088 (1999).

The Senior Indenture Trustees oppose application of the stated principle to the present case. They argue that the New York Court of Appeals decision was based upon that conclusion of the Eleventh Circuit that "paid in full" was ambiguous, and that, based upon non-bankruptcy New York precedents, the term would require payment of interest until the date of the payment of all principal. *Objection,* ¶ 17. They further urge that the words "due or to become due" satisfy the New York law requirement for specific language. *Objection,* ¶ 18. I am not persuaded by either argument.

As to the former, the Senior Indenture Trustees stop short of the actual reasoning of the New York Court of Appeals. While it noted the "binding threshold ruling" of the Eleventh Circuit that "paid in full" is ambiguous in the context of the pertinent subordination agreements, 93 N.Y.2d at 183, 688 N.Y.S.2d at 486, 710 N.E.2d at 1085, it continued:

> For the purposes of answering the particular question posed to us, we are confined by key features of the Eleventh Circuit's ruling. Nevertheless, we face up to whether New York should adopt its version of the Rule of Explicitness as a guiding interpretive principle of State contract dispute resolution in cases such as this.

*Ibid.*

It is in the latter context—establishment of a general principle of state law—that the court spoke.

As to the latter argument, the imposition of bankruptcy truncates the power of the contractual "due or to become due" phrase. Interest will no longer become due. 11 U.S.C. § 502(b)(2).

An order will enter granting the Motion.